# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

VICTOR ANTHONY CORPUZ,

        Defendant-Appellant.

UNPUBLISHED
March 8, 2016

Nos. 315068, 325251
Bay Circuit Court
LC No. 12-010302-FH

ON REMAND

Before: GLEICHER, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. (*concurring*).

I concur in the majority's opinion. I write separately only to underscore my belief that the remand ordered in section I of the opinion is limited to situations in which the trial court determines that there are substantial and compelling reasons to depart from the defendant's guidelines range by relying upon guidelines scored improperly under *People v Lockridge*, 498 Mich 358, 364; 870 NW2d 502 (2015).

In this case, we hold that certain facts underlying the trial court's assessment of OVs 3, 4, 10, and 14 were not found by a jury beyond a reasonable doubt. The scoring of these points altered defendant's guidelines range and violates defendant's Sixth Amendment rights under *Lockridge*. *Id*.

While the trial court found substantial and compelling reasons to depart from the guidelines, the underlying constitutional error in this case requires that we remand for a hearing pursuant to the procedure outlined in *United States v. Crosby*, 397 f3d 103 (Ca 2, 2005). See *Lockridge*, 498 Mich at 395-396. Under *Crosby*, "cases in which a defendant's minimum sentence was established by application of the sentencing guidelines in a manner that violated the Sixth Amendment . . . should be remanded to the trial court to determine whether that court would have imposed a materially different sentence *but for the constitutional error*. If the trial court determines that the answer to that question is yes, the court shall order resentencing." *Crosby*, 397 f3d at 118 (emphasis added).

In the majority of cases where the trial court does not depart from the sentencing guidelines, our analysis is relatively straightforward: where there is impermissible judicial fact-finding which causes the defendant to be placed in a higher guidelines range, this Court should

remand under *Crosby*. However, when the court departs from the guidelines range, this court must engage in an additional inquiry under *Lockridge* before ordering a remand.

Prior to *Lockridge*, Michigan's sentencing guidelines were considered mandatory. See *Lockridge*, 498 Mich at 387-88. A trial court thereby needed to find substantial and compelling reasons to depart from the guidelines. *Id*. at 391; quoting MCL 769.34(3). In *Lockridge*, the Supreme Court applied the rules set forth in *Alleyne* and *Apprendi v New Jersey*, 530 US 466, 490; 120 S Ct 2348; 147 L Ed 2d 435 (2000), to Michigan's sentencing guidelines. *People v Stokes*, ___ Mich App ___, ___; ___ NW2d ___ (2015); slip op at 6. The *Lockridge* court "held that Michigan's sentencing scheme violates the Sixth Amendment right to a jury trial because it requires 'judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that *mandatorily* increase the floor of the guidelines minimum sentence range." *Id*. To remedy this violation, the *Lockridge* court declared that Michigan's sentencing guidelines were advisory rather than mandatory, thereby holding that trial courts no longer need to find substantial and compelling reasons to depart from the guidelines but, rather, may depart from the guidelines range when reasonable to do so. *Id*. at 8. Therefore, when a trial court engages in judicial fact-finding, the trial court has committed a *Lockridge* error; however, the *Lockridge* court was clear that when a defendant receives "an upward departure sentence that did not rely on the minimum sentence range for the improperly scored guidelines (and indeed, the trial court necessarily had to state on the record its reasons for *departing* from that range), the defendant cannot show prejudice." *Lockridge*, 498 Mich at 394.

In this case, the trial judge did engage in judicial fact-finding when scoring the guidelines. At the initial sentencing, the trial court assessed defendant 121 overall OV points; though, just 75 points placed defendant in the top OV level on the grid. The trial court reasoned that the 46-point gap between the defendant's score and that needed to be placed in the top level constituted substantial and compelling reasons to upwardly depart from defendant's sentence range. Accordingly, in departing from the sentence range, the trial court relied upon the improperly scored guidelines. As the trial court committed a *Lockridge* error and did not fall within the narrow exception for upward departures that do not rely upon the improperly scored guidelines, I concur in this Court's remand of this case under the procedure set forth in *Crosby*.

Had the trial court not relied upon the improperly scored guidelines, however, remand under *Crosby* would be unnecessary even though the trial court justified its departure under the substantial and compelling standard as opposed to the *Lockridge* reasonableness standard.

In *Steanhouse*, this Court stated the test to be used in determining the reasonableness of a sentence upon review. This Court concluded that "reinstating the previous standard of review in Michigan, as a means of determining the reasonableness of a sentence, is preferable to adopting the analysis utilized by the federal courts and is most consistent with the Supreme Court's directives in *Lockridge*." *People v Steanhouse*, ___ Mich App ___; ___ NW2d ___ (2015) (Docket No. 318329); slip op at 24. Furthermore, "a sentence that fulfills the principle of proportionality under *Milbourn* and its progeny constitutes a reasonable sentence under Lockridge." *Id*.

Under the test articulated in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), "the principle of proportionality . . . requires sentences imposed by the trial court to be

-2-

proportionate to the seriousness of the circumstances surrounding the offense and the offender." Stating it another way, "the judge . . . must take into account the nature of the offense and the background of the offender." *Id*. at 651. Regarding sentences that depart from the guidelines' recommendation, the *Steanhouse* court quoted *Milbourn* at length, including:

> that departures [from the guidelines] are appropriate where the guidelines do not adequately account for important factors legitimately considered at sentencing . . . [T]rial judges may continue to depart from the guidelines when, in their judgment, the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime. [*Steanhouse*, ___ Mich at ___; slip op at 23, quoting *Milbourn*, 435 Mich at 657].

As the substantial and compelling standard naturally encompasses a reasonableness standard, [1] a trial court cannot determine that there are substantial and compelling reasons to depart from the guidelines without implicitly determining that departing from the guidelines is reasonable. Therefore, when a trial court does not rely on improperly scored guidelines to find substantial and compelling reasons to depart from the guidelines, this court should not remand the case for the trial court to determine whether it would have awarded a materially different sentence had the judge known that he need only find it reasonable to depart from the guidelines. The trial judge has already answered this question in the affirmative by determining that there are substantial and compelling reasons to depart.

Rather, in such a case, this Court should inquire as to whether the sentence imposed fulfills the proportionality test set forth in *Milbourn*. If the sentence imposed is "proportionate to the seriousness of the circumstances surrounding the offense and the offender," see *Milbourn*, 435 Mich at 636, this Court should affirm the sentence; if not, remand for resentencing must be ordered.

The question as to whether a Crosby remand is required for an upward departure based upon the substantial and compelling test has been met with substantial disagreement among the various panels of the Court. I am aware that in *People v Shank*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (opinion of the court); slip op at 2-3, this Court has determined that remand under *Crosby* is required when the trial court departs from properly scored guidelines utilizing the substantial and compelling test. However, I agree with Judge O'Connell's concern "about

---

[1] Prior to *Lockridge*, our Supreme Court held that the "reasons justifying departure [under the substantial and compelling test] should 'keenly' or 'irresistibly' grab our attention." *People v Fields*, 448 Mich. 58, 67; 528 N.W.2d 176, 186 (1995). Judge Boyle concurred in this decision, noting that, by adopting the substantial and compelling test, the legislature "consciously elevated the burden of proof" over the previous standard which required only "the amount of evidence that a reasonable mind would accept as sufficient to support a conclusion." *Id*. at 83 (quotations omitted). The previous standard mentioned by Judge Boyle is the standard to which the Court returns in *Lockridge*. See *Steanhouse*, ___ Mich App at ___; slip op at 24.

questions of judicial economy implicit in blindly affording *Crosby* remands to every sentencing question that is raised before this Court post-*Lockridge*." *Id.* at __ (O'Connell, J., dissenting); slip op at 3 n 3. Our Supreme Court has held that where a trial court departs from the guidelines range without relying upon improperly scored guidelines remand is unnecessary. *Lockridge*, 498 Mich at 394. Whether this Court agrees with that exception or not, stare decisis commands that we follow our Supreme Court's precedent.

/s/ Amy Ronayne Krause